UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00247-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JOSE ANGEL MARTINEZ-CHAIREZ, | |
| Defendant. | |

This matter is before the Court on Defendant Jose Angel Martinez-Chairez's ("Defendant") pro se motion filed on October 7, 2015, docketed as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 91), motion for extension of time to file a supplemental brief in support of the October 7, 2015, motion (ECF No. 91), and motion for appointment of counsel (ECF No. 114). The Government filed a purported opposition to Defendant's October 7, 2015, motion. (ECF No. 102.) The Government did not file an opposition to Defendant's motion for an extension of time to file a supplemental brief or motion for appointment of counsel. On November 1, 2022, this case was reassigned to this Court (ECF No. 119) and for the reasons set forth below, the Court DENIES Defendant's motions.

///

///

///

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court recognizes the above listed motions have been pending for some time and upon review, this matter requires some procedural housekeeping.  On October 7, 2015, Defendant filed what was docketed as a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 91.)  Upon further review, however, it is clear Defendant's motion is in fact a motion pursuant to 28 U.S.C. § 2255 ("§ 2255").[1]  The motion raises two claims of ineffective assistance of counsel and one claim regarding an error in sentencing.  (*Id.* at 4–7.)

Despite Defendant filing his motion on a form entitled "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and the substance of the motion clearly demonstrating it is a § 2255 motion, the motion was docketed as "MOTION to REDUCE SENTENCE PURSUANT TO 18 USC 3582(c)(2) - USSC Amendment by Jose Angel Martinez-Chairez [ON A 28:2255 MOTION FORM]."  (ECF No. 91.)  This confusion is compounded by the fact that Defendant filed a "Request for an Extension of Time to File Supplemental Brief 28 U.S.C. § 2255" (ECF No. 92) contemporaneously with his § 2255 motion, further confirming that his initial motion (ECF No. 91) was indeed a motion pursuant to § 2255.  It is clear that docketing the § 2255 motion as a motion to reduce sentence was in error.

On November 6, 2015, defense counsel notified the Court that the Office of the Federal Defender would not file a supplement to Defendant's pro se motion.  (ECF No. 96.)  Though the notice was silent on the substance of the motion, it tellingly did not refer to the motion as a "motion to reduce sentence."  After receiving this notice, the Court ordered the appointment of counsel on November 20, 2015.  (ECF No. 98.)

On April 4, 2016, the Government filed an opposition to Defendant's § 2255 motion entitled "Government's Opposition to Defendant's Motion for Reduction of Sentence Pursuant to

---

[1] Defendant's Judgment of conviction became final on October 21, 2014, the date on which his 14-day window to appeal the judgment closed.  *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.").  Defendant had one year from the that date to file a motion pursuant to § 2255.  *See* 28 U.S.C. § 2255(f).  Defendant filed this motion on October 7, 2015, within one year from the date which Defendant's judgment of conviction became final.  Accordingly, Defendant's § 2255 motion is timely.

1    18 U.S.C. § 3582." (ECF No. 102.) This opposition is confusing to the Court since it does not
2    respond to any of Defendant's motions while arguing against a sentence reduction under 18
3    U.S.C. § 3582 — making no reference to the actual § 2255 arguments raised in Defendant's
4    motion. While the Court does understand Defendant's motion was incorrectly titled on the
5    docket, a read of the motion clearly highlights the docketing error since it is apparent the filing is
6    a § 2255 motion. As such, the Court is unsure whether or not the Government read Defendant's
7    motion prior to drafting and filing its opposition. Indeed, the opposition appears to contain only a
8    single citation to Defendant's motion which it purports to oppose, which appears on the first page,
9    in the first sentence. (*Id.* at 1.)

10   On May 30, 2017, Defendant filed a pro se motion for appointment of counsel to assist
11   him with his "petition," presumably referring to his incorrectly docketed habeas petition filed
12   pursuant to § 2255 (ECF No. 91). (ECF No. 114.) The Government did not file an opposition.
13   Defendant's motion is curious as it makes no reference to the defense attorney who was appointed
14   to represent him on November 20, 2015, over one year prior to this motion. (*See* ECF No. 98.)
15   On February 2, 2018, over three years after counsel's appointment, counsel filed a notice of non-
16   supplementation, stating that she would not file a supplemental brief or amended motion related
17   to Defendant's "pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) . . . ." (ECF
18   No. 115.) This notice is confusing because, as this Court has noted several times, Defendant did
19   not file a motion pursuant to 18 U.S.C. § 3582(c)(2). The Court finds it concerning that after over
20   three years of representation, defense counsel: (1) did not appraise the Court of the docketing
21   error and request the motion be properly considered as a § 2255 motion; and (2) filed a notice
22   with the Court, linked to the § 2255 habeas petition, stating the petition was a motion pursuant to
23   18 U.S.C. § 3582(c)(2).

24   Defendant was released from federal custody on January 15, 2021. This case was
25   reassigned to this Court on November 1, 2022.

26   **II.    ANALYSIS**

27   Defendant has three motions currently pending: (1) a motion pursuant to § 2255 (ECF No.
28   91); (2) a motion for an extension of time to file a supplemental brief to his § 2255 motion (ECF

No. 92); and (3) a motion for appointment of counsel (ECF No. 114).  The Court will address each motion in turn, beginning with Defendant's § 2255 motion.

Defendant's § 2255 motion requests the following relief: (1) the Court vacate Defendant's sentence and provide any other relief the Court may deem appropriate and equitable; or (2) in the alternative, vacate Defendant's sentence and resentence him to a reduced period of incarceration. (ECF No. 91 at 12.)  Defendant's motion thus appears to challenge his sentence, not his underlying conviction.[2]  Defendant, however, is no longer in custody.  As noted above, Defendant was released from custody on January 15, 2021, while his § 2255 motion was pending.

The Court finds that Defendant's release moots his habeas petition.  A § 2255 motion becomes moot upon a prisoner's release from custody unless the motion demonstrates adverse collateral consequences from the challenged sentence or conviction.  *Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir.1990), *abrogated on other grounds by Spencer v. Kemna*, 523 U.S. 1 (1998); *see also United States v. Esparza-Vera*, No. 13-CR-00403-DAD-BAM-1, 2019 WL 2026684, at *1 (E.D. Cal. May 8, 2019) (where a § 2255 motion challenges only the sentence imposed it becomes moot upon the completion of the sentence).  In the instant case, Defendant's motion appears to challenge his sentence rather than his conviction.  Because Defendant was released from custody in January of 2021, and the motion does not raise issues of collateral consequences, the motion is moot.  Consequently, the motion must be denied.

Because Defendant's underlying § 2255 motion is moot, his motion for an extension of time to file a supplemental brief to his § 2255 motion is also moot.  As a result, Defendant's motion for an extension of time must similarly be denied as moot.

Defendant filed his motion for appointment of counsel on May 30, 2017.  (ECF No. 114.)  The Court, however, appointed counsel on November 20, 2015.  (ECF No. 98.)  Because Defendant had appointed counsel at the time he filed his motion for appointment of counsel, the

---

[2] The Court recognizes Defendant's claims, specifically claim one and two alleging ineffective assistance of counsel, raise issues that would call into question the validity of Defendant's conviction.  However, the relief sought by Defendant appears to relate exclusively to Defendant's sentence.  Accordingly, the Court construes Defendant's § 2255 motion as a collateral challenge to Defendant's sentence, not his conviction.

motion is unnecessary and is thus denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion docketed as a motion to reduce sentence pursuant to § 3582(c)(2) (ECF No. 91) is DENIED.  Defendant's motion for an extension of time to file a supplemental brief (ECF No. 92) is DENIED as moot.  Defendant's motion for appointment of counsel (ECF No. 114) is DENIED.

As Defendant has been released from custody, the Government is ORDERED to serve a copy of this Order on Defendant.

IT IS SO ORDERED.

**DATED:  February 13, 2023**

Troy L. Nunley
United States District Judge